UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| CE3 LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -v- | ) | |
| | ) | Civil Action No. 23-cv-09856 -JMF |
| CHICKEN SOUP FOR THE SOUL | ) | |
| ENTERTAINMENT, INC.; and TOFG LLC | ) | |
| d.b.a. 1091, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' ANSWER

Defendants Chicken Soup for the Soul Entertainment, Inc. ("CSSE") and TOFG, LLC d/b/a 1091 Pictures ("1091") (collectively, "Defendants") answer the complaint of plaintiff CE3, LLC filed on November 7, 2023 ("Complaint") as follows:

### *INTRODUCTION*

1. Admit that CSSE is an entertainment and media company and otherwise deny the allegations in paragraph 1 of the Complaint.

2. Admit that 1091 is a film and distribution company which entered into agreements with plaintiff, respectfully refer to the agreements (which plaintiff neglected to annex as exhibits to the complaint) referred to in paragraph 2 of the Complaint for their terms and conditions, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3. Deny the allegations in paragraph 3 of the Complaint.

4. Deny the allegations of paragraph 4 in the Complaint.

726708.1

5.      Deny the allegations of paragraph 5 in the Complaint.

6.      Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7.      Admit the allegations of paragraph 7 in the Complaint.

8.      Admit that 1091 is a Delaware limited liability company with a principal place of business in New York and deny the remainder of the allegations of paragraph 8 in the Complaint.

9.      Neither admit nor deny the allegations of paragraph 9 in the Complaint which calls for a legal conclusion.

10.     Neither admit nor deny the allegations of paragraph 10 in the Complaint which calls for a legal conclusion.

11.     Neither admit nor deny the allegations of paragraph 11 in the Complaint which calls for a legal conclusion.

12.     Respectfully refer the Court to the agreements referred to in paragraph 12 of the Complaint for their terms and conditions.

13.     For their answer to the allegations in paragraph 13 of the Complaint, Defendants repeat their answers to the allegations in paragraphs 1 through 12 as if set forth at length herein.

14.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

726708.1

16.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18.     Admit 1091 is a film and television distribution company which markets and distributes its clients' films and deny the remainder of the allegations in paragraph 18 of the Complaint.

19.     Admit CE3 entered into agreements with 1091 and respectfully refer the Court to the agreements referred to in paragraph 19 of the Complaint for their terms and conditions.

20.     Admit CE3 entered into agreements with 1091 and respectfully refer the Court to the agreements referred to in paragraph 20 of the Complaint for their terms and conditions.

21.     Respectfully refer the Court to the agreements referred to in paragraph 21 of the Complaint for their terms and conditions.

22.     Admit that as of March 1, 2022 CSSE acquired a 100% membership interest in 1091 and otherwise deny the allegations in paragraph 22 of the Complaint.

23.     Deny the allegations in paragraph 23 of the Complaint.

24.     Admit CE3 entered into agreements with 1091, respectfully refer the Court to the agreements referred to in paragraph 24 of the Complaint for their terms and conditions, and otherwise deny the allegations in paragraph 24 of the Complaint.

25.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

726708.1

26.     Respectfully refer the Court to the agreements and any accountings generated pursuant thereto referred to in paragraph 26 of the Complaint for their contents.

27.     Admit plaintiff's counsel sent letters to 1091 and/or CSSE dated February 1, 2023, June 9, 2023, August 2, 2023, and October 5, 2023 and respectfully refer the Court to the letters referred to in paragraph 27 of the Complaint for their contents.

28.     Deny the allegations in paragraph 28 of the Complaint.

29.     Admit plaintiff was paid $307,000 and otherwise deny the allegations in paragraph 29 of the Complaint.

30.     Lack knowledge or information sufficient to form a belief as to the truth of the allegation as to what CSSE learned and otherwise deny the allegations in paragraph 30 of the Complaint.

31.     Admit plaintiff's counsel sent a letter to CSSE dated October 27, 2023 and respectfully refer the Court to the letter referred to in paragraph 31 of the Complaint for its contents, and otherwise deny the allegations in paragraph 31 of the Complaint.

32.     Admit plaintiff was paid $40,000 and otherwise deny the allegations in paragraph 32 of the Complaint.

33.     Deny the allegations in paragraph 33 of the Complaint.

34.     Deny the allegations in paragraph 34 of the Complaint.

35.     Deny the allegations in paragraph 35 of the Complaint.

36.     Deny the allegations in paragraph 36 of the Complaint.

37.     Deny the allegations in paragraph 37 of the Complaint.

726708.1

38.     For their answer to the allegations in paragraph 38 of the Complaint, Defendants repeat their answers to the allegations in paragraphs 1 through 37 as if set forth at length herein.

39.     Respectfully refer the Court to the agreements referred to in paragraph 39 of the Complaint for their terms and conditions.

40.     Respectfully refer the Court to the agreements referred to in paragraph 40 of the Complaint for their terms and conditions.

41.     Deny the allegations in paragraph 41 of the Complaint.

42.     Deny the allegations in paragraph 42 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

1.      Plaintiff failed to state a claim against Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.      Plaintiff's claims are barred in whole or in part by its failure to mitigate or minimize their alleged damages.

### THIRD AFFIRMATIVE DEFENSE

3.      The equitable doctrine of waiver bars plaintiff's claims.

### FOURTH AFFIRMATIVE DEFENSE

4.      The equitable doctrine of estoppel bars plaintiff's claims.

### FIFTH AFFIRMATIVE DEFENSE

5.      The equitable doctrine of laches bars plaintiff's claims.

### SIXTH AFFIRMATIVE DEFENSE

6.      The equitable doctrine of acquiescence bars plaintiff's claims.

5

## SEVENTH AFFIRMATIVE DEFENSE

7.      The doctrine of unclean hands bars plaintiff's claims.

## EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiff's claim for conversion is barred because monies allegedly due to plaintiff are not the proper subject for such a claim.

## NINTH AFFIRMATIVE DEFENSE

9.      Paragraph 1 of the Complaint should be stricken because it contains false and scandalous allegations.

**WHEREFORE,** Defendants demand judgment as follows:

1.      Dismissing the Complaint in its entirety with prejudice;

2.      Awarding the costs and disbursements of defending this action, including reasonable attorneys' fees and expenses; and

3.      Awarding such other and further relief as to this Court may seem just and proper.

Dated: New York, New York
       December 6, 2023

GRAUBARD MILLER

By: _____
       Caryn L. Marcus
       The Chrysler Building
       405 Lexington Avenue, 44th Floor
       New York, New York 10174
       (212) 818-8695
       cmarcus@graubard.com

Attorneys for Defendants

6

726708.1